# UNITED STATES COURT OF APPEALS

### UNPUBLISHED

## FOR THE FOURTH CIRCUIT

In re: KIMBERLY DOANE, a/k/a
Kimberly Harig,

*Debtor.*

---

EDUCATIONAL CREDIT MANAGEMENT
CORPORATION,

*Plaintiff-Appellee,*

v.

KIMBERLY DOANE, a/k/a Kimberly
Harig,

*Defendant-Appellant,*

and

REBECCA CONNELLY; U.S. TRUSTEE,

*Trustees.*

No. 03-2458

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CA-03-84-7; BK-96-1907-RKR-7)

Submitted: May 28, 2004

Decided: June 28, 2004

Before WIDENER and WILLIAMS, Circuit Judges, and
Robert R. BEEZER, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

---

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Gary M. Bowman, Roanoke, Virginia, for Appellant. Julie K. Swedback, St. Paul, Minnesota, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Kimberly Doane appeals a district court order issued pursuant to Federal Rule of Civil Procedure 60(b) (West 1992) relieving Educational Credit Management Corporation (ECMC) from a bankruptcy court discharge order that purported to discharge Doane's student loans. Finding no error, we affirm.

I.

On June 14, 1996, Doane filed for bankruptcy protection from her creditors. At that time, Doane owed a balance on student loans owned by ECMC. Doane did not seek to have her student loans discharged during the bankruptcy, but she did list ECMC as a creditor in her bankruptcy petition, and ECMC filed a proof of claim. Doane's bankruptcy plan did not purport to affect Doane's debt to ECMC in any way.

Doane made the payments required of her under the bankruptcy plan, and on September 10, 1999, the bankruptcy court discharged Doane's debts. For reasons that are not entirely clear, the bankruptcy court issued a discharge order that purported to discharge Doane's student loans, even though such discharge was neither sought by Doane nor authorized by the bankruptcy code.[1] *See* 11 U.S.C.A.

___

[1]The bankruptcy court appears to have used an outdated form discharge order. The form discharge order that the bankruptcy court used

§§ 523(a)(8), 1328(a)(2) (West 1993 & Supp. 2004) (prohibiting the discharge of student loans in bankruptcy unless the debtor proves in an adversary proceeding that excepting the debt from discharge would impose an undue hardship).

Sometime after the discharge order became final, ECMC attempted to collect the balance of Doane's student loans. Doane then filed an action in the bankruptcy court alleging that ECMC's collection activities violated the discharge order. The bankruptcy court agreed and enjoined ECMC from attempting to collect the debt, rejecting ECMC's contention that the discharge of Doane's debt to ECMC violated due process. ECMC appealed to the United States District Court for the Western District of Virginia. The district court relieved ECMC from the discharge order pursuant to Federal Rule of Civil Procedure 60(b), finding that the discharge of Doane's debt to ECMC violated due process because ECMC had not received adequate notice in the form of a properly initiated adversary proceeding. Doane now appeals.

## II.

When a district court acts in its capacity as a bankruptcy appellate court, we review the bankruptcy court's decision independently. *See Kielisch v. Educ. Credit Mgmt. Corp. (In re Kielisch)*, 258 F.3d 315, 319 (4th Cir. 2001). We review the bankruptcy court's factual findings for clear error, and we review its legal conclusions de novo. *Id.*

was created at a time when the strictures applicable to the discharge of student loans were set to expire on October 1, 1996, pursuant to a sunset provision in the legislation creating the strictures. *See* Pub. L. No. 101-508 §§ 3007(b)(1), 3008. The form order provided that "the debtor [wa]s discharged from all debts . . . except any debt . . . for a student loan . . . in which discharge is granted prior to October 1, 1996." (J.A. at 5.) In 1992, Congress repealed the sunset provision, and the strictures became permanent. *See* Pub. L. No. 102-325 § 1558. When the sunset provision was repealed, a new form discharge order without a date restriction on the student loan exception was created, but the bankruptcy court here appears to have erroneously used the old order.

A party may be relieved from an adverse judgment if "the judgment is void." Fed. R. Civ. P. 60(b)(4). "[A] judgment is not void merely because it is erroneous. It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 871 (4th Cir. 1999) (internal quotation marks omitted). "[W]hether [a discharge] violate[s] a creditor's due process rights [is] [a] legal question[ ] we review de novo." *Banks v. Sallie Mae Servicing Corp. (In re Banks)*, 299 F.3d 296, 300 (4th Cir. 2002).

We have held that, in the bankruptcy context, "due process entitle[s] the creditor to receive notice . . . as provided by the Bankruptcy Rules." *Banks*, 299 F.3d at 302. "The Bankruptcy Code and Rules require Debtors to bring an adversary proceeding to determine the dischargeability of their student loans." *Id.* at 300; Fed. R. Bankr. P. 7001(6) (West Supp. 2004). "Student loans are nondischargeable in bankruptcy unless the Debtor can prove excepting the debt from discharge would impose an undue hardship." *Banks*, 299 F.3d at 300. When a student loan debtor "fail[s] to initiate an adversary proceeding to establish undue hardship[,] . . . [the creditor] d[oes] not receive the requisite notice of . . . intent to discharge . . . [the] student loan debts. For lack of adequate notice, . . . discharge orders discharging the [debt] are not entitled to preclusive effect." *Id.* at 302-03 (footnote omitted).

In this case, it is undisputed that Doane did not initiate an adversary proceeding to establish undue hardship. Thus, ECMC did not receive adequate notice, and the bankruptcy court's discharge order violated ECMC's due process rights. *Id.* at 303. Because the bankruptcy court's discharge order is "inconsistent with due process of law," the order is void as to ECMC, and the district court properly relieved ECMC from the order. *Eberhardt*, 167 F.3d at 871.

### III.

We agree with the district court that ECMC did not receive adequate notice of intent to discharge and that the bankruptcy court order discharging Doane's student loans is therefore void. Accordingly, we

affirm the judgment of the district court relieving ECMC from the effect of the erroneous discharge order.

*AFFIRMED*